# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NAVISTAR FINANCIAL CORPORATION | § § § | |
| v. | § § | CASE NO. 4:16-CV-67<br>Judge Mazzant |
| BJG LOGISTICS, L.L.C. and BOBBY J. GORMAN | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Navistar Financial Corporation's Motion for Partial Summary Judgment (Dkt. #18). The Court, having considered the relevant pleadings, finds that the motion should be granted.

## BACKGROUND

Plaintiff filed suit against Defendants BJG Logistics, L.L.C. ("BJG") and Bobby J. Gorman ("Gorman") pursuant to a Commercial Loan and Security Agreement (the "Loan") signed by BJG and guaranteed by Gorman.

On or around November 21, 2011, BJG, through its member, Gorman, executed the Loan in the principal amount of $1,040,000, with total interest and charges in the amount of $132,441.12, computed at a rate of 4.9% per annum during the term of the Loan. The Loan was payable by BJG to Navistar in 48 consecutive monthly payments of $19,009.19, beginning December 21, 2011, with a final balloon payment of $260,000. To secure payment of the Loan, BJG, through its member Gorman, granted Navistar a security interest in collateral detailed in Schedule A to the Loan (the "Collateral"). Navistar properly perfected its interest in the Collateral, and holds Certificate of Title liens on the following vehicles, obtained by BJG with Loan proceeds:

| Year Model | Serial Number | Manufacturer | Type |
|---|---|---|---|
| 2012 PROSTAR 122 6X4 | 3HSDJSJR7CN658229 | International | Sleeper Tractor |
| 2012 PROSTAR 122 6X4 | 3HSDJSJR9CN658247 | International | Sleeper Tractor |
| 2012 PROSTAR 122 6X4 | 3HSDJSJR0CN658248 | International | Sleeper Tractor |
| 2012 PROSTAR 122 6X4 | 3HSDJSJR2CN658252 | International | Sleeper Tractor |
| 2012 PROSTAR 122 6X4 | 3HSDJSJR4CN658253 | International | Sleeper Tractor |
| 2012 PROSTAR 122 6X4 | 3HSDJSJR8CN658255 | International | Sleeper Tractor |
| 2012 PROSTAR 122 6X4 | 3HSDJSJRSCN658259 | International | Sleeper Tractor |
| 2012 PROSTAR 122 6X4 | 3HSDJSJRSCN658262 | International | Sleeper Tractor |
| 2012 PROSTAR 122 6X4 | 3HSDJSJR9CN658264 | International | Sleeper Tractor |
| 2012 PROSTAR 122 6X4 | 3HSDJSJR4CN658267 | International | Sleeper Tractor |

To induce Navistar into making the Loan, and as further security for BJG's repayment of its indebtedness to Navistar, Gorman, BJG's member, executed a Continuing Unconditional Guaranty dated November 21, 2011. Pursuant to the terms of the Guaranty, Gorman "absolutely and unconditionally guarantee[d]: (a) the prompt payment of all monetary obligations of any sort…" incurred by BJG and owed to Navistar.

During fall 2014, BJG defaulted under the terms of the Loan. BJG remained in default under the Loan for months thereafter. On or about August 31, 2015, BJG acknowledged that it was in default of the Loan. In an effort to avoid repossession and foreclosure, BJG proposed modifying the terms of the Loan to facilitate BJG's continued repayment. After negotiations, Navistar and BJG entered into a Retail Loan Modification Agreement extending the Loan maturity date and modifying payment terms (the "Loan Modification").

Pursuant to the terms of the Loan Modification, BJG acknowledged that as of July 31, 2015, it was in default and indebted to Navistar in the principal amount of $484,444.28, plus late fees in the amount of $31,311.21, and interest accruing on all amounts due and owing at a rate of 4.9% per annum. By agreement, Navistar extended the maturity date of the Loan to October 21, 2017, which allowed BJG to continue paying monthly installments of $19,009.19, with a final payment of only

$16,557.47.

Shortly after entering into the Loan Modification, BJG defaulted on its payment obligations, ceased operations, and fell out of good standing with the state of Louisiana for failing to file its annual report. BJG has failed to cure its defaults, and continues to owe Navistar for all amounts outstanding. As of June 30, 2016, BJG and Gorman,. pursuant to the Guaranty, owe Navistar not less than $576,153.99, plus interest, and all costs, expenses, and attorneys' fees incurred during the enforcement of the Loan and Guaranty.

On July 8, 2016, Plaintiff filed a motion for partial summary judgment (Dkt. #18). After no response was filed, the Court gave Defendants the opportunity to file a response on or before August 11, 2016. No response was filed.

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor…unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Plaintiff seeks summary judgment against Defendants on liability for breach of the contract and the guaranty claim. To prevail on a breach of contract action under Illinois law[1], a plaintiff must

---

[1] The Loan and Guaranty each provide for Illinois law to be applied in this case.

prove: (1) an offer and acceptance; (2) consideration; (3) definite and certain terms of the contract; (4) Plaintiff's performance; (5) a breach; and (6) damage resulting from the breach. *Brown & Kerr, Inc. v. American Stores Props.*, 306 Ill. App.3d 1023, 1030, 715 N.E.2d 804, 810 (1st Dist. 1999).

The uncontested summary judgment evidence establishes these elements entitling Plaintiff to summary judgment as to the liability of BJG and Gorman under the Loan and Guaranty.

It is therefore **ORDERED** that Plaintiff Navistar Financial Corporation's Motion for Partial Summary Judgment (Dkt. #18) is hereby **GRANTED**. The Court finds that liability is now established in favor of Plaintiff against BJG Logistics, LLC and Bobby J. Gorman under the Loan and Guaranty.

**SIGNED this 8th day of September, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE